IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VERMEER HEARTLAND OF ) <br> TENNESSEE, LLC, and ) <br> VERMEER HEARTLAND, INC., ) <br> f/k/a VERMEER SOUTHERN OHIO, INC., ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> EARTH TOOL COMPANY, LLC, and ) <br> THE CHARLES MACHINE WORKS, INC., ) <br>   ) <br> Defendants. ) | Case No. 3:10-cv-00510 <br> Judge Trauger |

## MEMORANDUM AND ORDER

Pending before the court is the Motion to Dismiss filed by the defendants (Docket No. 52), to which the plaintiffs have filed a response (Docket No. 54). For the reasons discussed below, the defendants' motion will be denied.

## FACTS

The plaintiffs, Vermeer Heartland, Inc. and Vermeer Heartland of Tennessee, LLC (collectively, the "Vermeer Distributors"), are dealers that sell construction equipment.[1] Before this suit, they were the exclusive distributors, in their respective geographic territories, for certain products manufactured by defendant Earth Tool Co., LLC ("Earth Tool"). This exclusivity arose from a contract dated June 3, 2002 (the "2002 Agreement") between Earth Tool

---

[1] Unless otherwise noted, the allegations are drawn from the plaintiffs' Second Amended Complaint (Docket No. 51) and the parties' filings.

1

and Vermeer Manufacturing Co. ("Vermeer Manufacturing"), which provided that Vermeer Manufacturing's authorized dealers, including the plaintiffs, would serve as the exclusive Earth Tool dealer network within certain territories. The plaintiffs allege that they are third-party beneficiaries of that contract.

In April 2010, defendant The Charles Machine Works, Inc. ("Charles Machine") acquired Earth Tool. In May 2010, the plaintiffs filed this suit,[2] alleging that the defendants planned to distribute Earth Tool's products via Charles Machine's own dealer network, in violation of the exclusivity provisions of the 2002 Agreement. The plaintiffs now allege that these fears have proven true, and their Second Amended Complaint asserts claims for (1) violation of Tennessee's, Ohio's, and Kentucky's dealer-protection statutes and (2) violation of those states' trade-secrets statute.

In April 2010, Vermeer Manufacturing filed its own lawsuit in Iowa state court against the instant defendants, alleging that the defendants breached the 2002 Agreement. That suit was removed to the U.S. District Court for the Southern District of Iowa. (*See Vermeer Mfg. Co. v. Earth Tool Co., LLC*, No. 4:10-cv-214 (S.D. Iowa), Docket No. 1.) On November 23, 2010, Vermeer Manufacturing settled that suit, executing an agreement that effectively amended the exclusivity of the 2002 Agreement (the "Settlement Agreement"). The Settlement Agreement granted Vermeer Manufacturing (1) a non-exclusive license to make and sell certain Earth Tool products and (2) a non-exclusive right to purchase and resell certain Earth Tool products. (*See* Docket No. 52, Ex. 2 (Settlement Agreement).)

---

[2] Vermeer Heartland, Inc. was joined as a plaintiff in September 2010. (Docket No. 34.)

The defendants have now filed a Motion to Dismiss for Failure to Join a Necessary Party, pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19(a), arguing that Vermeer Manufacturing is a required party to this suit. (Docket No. 52.)

## ANALYSIS

Rule 12 allows a defendant to file a motion to dismiss for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 governs required joinder and provides:

> (1) Required Party
>
> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>    (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* 19(a).

First, then, the court must determine whether it can accord complete relief among the parties in Vermeer Manufacturing's absence. "Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *Sch. Dist. of the City of Pontiac v. Sec'y of the U.S. Dep't of Educ.*, 584 F.3d 253,

265 (6th Cir. 2009) (quotation marks omitted). "[E]ven if some future litigation were likely between [the plaintiffs or the defendants] and the [absent party], the possibility that the successful party to the original litigation would have to defend its rights in a subsequent suit by the [absent party] does not make it a necessary party to the action." *Id.* (quotation marks omitted) (second alteration in original). Furthermore, the Sixth Circuit has explained that "Rule 19 calls for a pragmatic approach; simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief can still be accorded." *Id.* (quotation marks omitted).

Here, the defendants argue that the court cannot accord complete relief without Vermeer Manufacturing's presence because Vermeer Manufacturing is a party to the 2002 Agreement, which ultimately forms the basis of this suit. (Docket No. 52 at 4-5.) Generally, the defendants argue, a party to such a contract "'is the paradigm of an indispensable party.'" (*Id.* at 4 (quoting *CPE Solutions PTE, Ltd. v. Gen. Electric Co.*, 470 F. Supp. 2d 151, 156-57 (D. Conn. 2007), *rev'd*, 553 F.3d 156 (2d Cir. 2009)).)

But the defendants' motion is largely premised on a misunderstanding of the relief sought by the plaintiffs. The Second Amended Complaint seeks: (1) damages for the defendants' violation of dealer-protection statutes, which prevent a supplier from changing the competitive circumstances of a retail agreement without "good cause"; (2) an injunction preventing the defendants from distributing the relevant products via non-Vermeer dealers; (3) damages for the defendants' disclosure of the plaintiff's confidential information to non-Vermeer dealers, in violation of trade-secrets statutes; and (4) an injunction preventing the defendants from further

4

disclosing the plaintiffs' confidential information. (*See* Docket No. 51 ¶¶ 26-126.) Simply put, the absence of Vermeer Manufacturing in this suit does not affect the court's ability to award this relief.

The defendants suggest that, if the plaintiffs prevail, the court might (1) order the defendants to sell products directly to the plaintiffs, thus bypassing Vermeer Manufacturing, or (2) regulate the prices set by the defendants or by Vermeer Manufacturing. (Docket No. 52 at 5, 7.) But these are straw-man arguments, because the plaintiffs do not seek these outcomes.[3] (*See* Docket No. 54 at 11.) In reality, the plaintiffs merely seek money damages and an injunction regulating the defendants' actions with regard to their own network of dealers. They do not seek to set aside the Settlement Agreement, to regulate the prices charged by, or to, Vermeer Manufacturing, or to otherwise prohibit Vermeer Manufacturing from taking any particular action.

Thus, under the "pragmatic approach" endorsed by the Sixth Circuit, the court finds that Vermeer Manufacturing's absence does not prevent the court from affording meaningful relief among the existing parties. To the extent that the defendants cite cases from other jurisdictions, those cases do not employ this pragmatic approach, and they are not binding on this court. In fact, the primary case cited by the defendants, *CP Solutions*, was reversed by the Second Circuit because the district court's "bright-line rule that all parties to a contract are indispensable" was

---

[3] The defendants point out that the Second Amended Complaint alleges that the defendants' dealers have used the plaintiffs' confidential information to "undercut[] Plaintiffs' pricing." (Docket No. 51 ¶ 23.) It does not follow, however, that the court will be required to regulate the prices charged to Vermeer Manufacturing or to the plaintiffs.

"inconsistent with Rule [19]'s flexible standard." *CP Solutions PTE, Ltd. v. Gen. Electric Co.*, 553 F.3d 156, 159 (2d Cir. 2009).

Second, the court must determine whether Vermeer Manufacturing has an interest in this suit, and whether (1) Vermeer Manufacturing's absence will impede its ability to protect that interest or (2) there is a risk that the existing defendants will be subjected to inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B).

The Sixth Circuit has explained that the moving party must articulate "an interest unique to the [absent party]" and that the court is not entitled to "speculate as to the existence of . . . an interest requiring [the absent party's] participation." *City of Pontiac*, 584 F.3d at 266. Joinder is not required if the absent party's interests are "adequately represented by the existing parties." *Id.* Furthermore, even if the absent party has a unique interest, the court should consider whether that party "had the opportunity to intervene to protect that interest but declined to participate." *Id.* "[I]t would turn Rule 19 analysis on its head to argue that the [absent party's] interests are now impaired because [it] declined to participate in" a case that the party knew about. *Id.*

The defendants argue that Vermeer Manufacturing "has an interest in seeing that [the Settlement Agreement] is enforced." (Docket No. 52 at 6.) They claim that "Vermeer Manufacturing's interest in determining the price it charges its dealers for [Earth Tools] products will not be protected by the existing parties to this litigation" and that the 2002 Agreement or the Settlement Agreement could be "altered to [Vermeer Manufacturing's] detriment." (*Id.* at 6-7.) In addition, the defendants argue that, if the plaintiffs prevail, "Defendants could be required to sell product to Plaintiffs at a lower price than Vermeer Manufacturing desires." (*Id.* at 7.)

6

Again, the defendants do not explain how this suit might infringe upon these interests; the plaintiffs merely seek to prohibit the defendants from distributing their products via competing dealers in the plaintiff's territories. Regardless, to the extent that Vermeer Manufacturing has an interest in protecting the terms of the Settlement Agreement, the defendants share that interest, so they will adequately protect it.[4] Importantly, Vermeer Manufacturing has not attempted to intervene in this suit, even though it is almost certainly aware of the suit's existence.[5] This supports a finding that Vermeer Manufacturing does not have an interest sufficient to make it a required party. *City of Pontiac*, 584 F.3d at 266.

The defendants have also failed to show how this suit might expose them to multiple, inconsistent obligations. As the court has already explained, the defendants will not "be ordered by this court to sell [Earth Tools] products to Plaintiffs at a different price than the prices set by Vermeer Manufacturing." (Docket No. 52 at 8.) Nor will the defendants will be "required to sell directly to the [Vermeer] dealers." (*Id.*) In sum, the relief sought by the plaintiffs will not create obligations that conflict with the defendants' obligations under the Settlement Agreement – although the Settlement Agreement *allows* the defendants to sell their products via non-Vermeer dealers, it does not *require* them to do so.

Because the defendants have not shown that Vermeer Manufacturing is a required party under Rule 19, the court will not dismiss this suit.

---

[4] Alternatively, to the extent that Vermeer Manufacturing has an interest in restoring its previous exclusive relationship with the defendants, the plaintiffs share that interest, so they will adequately protect it.

[5] The plaintiffs state in their brief that Vermeer Manufacturing "has had an opportunity to intervene, but chose not to." (Docket No. 54 at 11.)

## CONCLUSION

For all of the reasons discussed herein, the defendants' Motion to Dismiss (Docket No. 52) is **DENIED**.

It is so Ordered.

Entered this 14th day of March 2011.

_____
ALETA A. TRAUGER
United States District Judge